**The STATE of Texas for the Best Interest and Protection of Chavel ORTIZ, Jr., as a Mentally Ill Person.**

No. 07–82–0295–CV.

Court of Appeals of Texas, Amarillo.

Sept. 15, 1982.

ORDER

PER CURIAM.

Upon a jury verdict, returned to the County Court of Hardeman County, Chavel Ortiz, Jr. was adjudged to be mentally ill and to require observation and/or treatment at the Vernon Center, Mental Health and Mental Retardation Division, Vernon, Texas not to exceed 90 days. Contempora-neously, Ortiz gave notice of appeal, and the transcript has been forwarded without a transcription of the court reporter's notes or other statement of facts. *See* Tex.Rev. Civ.Stat.Ann. art. 5547–27 *et seq.* (Vernon 1957; Supp.1982).

Pursuant to statutory provisions of the Texas Mental Health Code, the trial court appointed an attorney ad litem to represent appellant in the temporary hospitalization proceeding. After representing appellant in the trial court and giving appellant's notice of appeal, the attorney ad litem applied for, and the trial court granted, his discharge as attorney ad litem, on the premise of his fulfillment of the commission with which he had been invested by virtue of his appointment. Insofar as we can determine from the record before us, appellant is without assistance of counsel at this stage of the proceedings.

The Constitution and laws of the State of Texas jealously protect the liberties of its citizens, and safeguard the right to be heard in person or by attorney when such liberties are placed in jeopardy by the State, either in exercise of its police power or in *parens patriae. Ex parte Ullmann,* 616 S.W.2d 278 (Tex.Civ.App.—San Antonio 1981, writ dism'd). In mental health proceedings, as in this cause, the State undertakes to act in *parens patriae,* thereby imposing on the State a duty to accord due process, which necessarily includes the duty to ensure that a person subjected to these proceedings is afforded the opportunity of legal counsel at every step therein. *Heryford v. Parker,* 396 F.2d 393 (10th Cir. 1968).

It follows, then, that appellant is entitled to representation by an attorney ad litem on appeal. Accordingly, it is ordered that within 10 days from the date of this Order, the Honorable Ross Greene, County Judge of Hardeman County, shall appoint an attorney ad litem to represent appellant on appeal, and certify such appointment to this Court immediately thereafter. Upon appointment, the attorney ad litem shall determine whether a statement of facts should be filed, and if so, take the necessary steps to secure and file the same.

Upon receipt of the certification of appointment, this Court will determine the dates for filing briefs and the submission of the cause and notify the appointed attorney ad litem and the County Attorney of Hardeman County.  Tex.Rev.Civ.Stat.Ann. art. 5547–57 (Vernon Supp. 1982).