NO. 07-05-0179-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 17, 2005

_____

In re T.R.G.

_____

FROM THE COUNTY COURT OF RANDALL COUNTY;

NO. 2005-M-055; HON. JAMES ANDERSON, PRESIDING

_____

***ABATEMENT AND REMAND***

_____

Before QUINN, REAVIS and CAMPBELL, JJ.

After a hearing before the trial court, T.R.G. (appellant) was adjudged to be mentally ill and in need of treatment at North Texas State Hospital, Wichita Falls, Texas. The treatment was not to exceed 325 days. A document which can be reasonably interpreted as a *pro se* notice of appeal was filed on May 3, 2005, by T.R.G. We abate and remand the cause to the County Court, Randall County, Texas (trial court).

In *State for Best Interest and Protection of Ortiz,* 640 S.W.2d 67 (Tex. App.–Amarillo 1982, no writ), we held that one adjudicated to be mentally ill via petition by the State is entitled to the appointment of an attorney *ad litem* on appeal. *Id*. at 67. The record does not reflect whether the trial court appointed T.R.G. such an attorney.

Accordingly, we abate the appeal and remand the cause to the trial court. Upon remand, the trial court shall determine whether T.R.G. has been appointed an attorney *ad litem* on appeal. If it determines that he has not been accorded such an attorney, it is directed to appoint (by written order) an attorney to T.R.G. to represent his interests on appeal. Thereafter, the trial court shall include the name, address, telephone number, and state bar number of the appointed attorney in the order and include the order in a supplemental clerk's record. So too is the trial court directed to cause the supplemental clerk's record to be filed with this court on or before Tuesday, May 31, 2005.

It is so ordered.

Per Curiam