**Abatement Order filed November 8, 2016**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-16-00653-CV**

_____

## THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF P.P.

**On Appeal from Probate Court No. 3
Harris County, Texas
Trial Court Cause No. I230121**

## ABATEMENT ORDER

This is an appeal from an order to administer psychoactive medication. *See* Tex. Health & Safety Code Ann. §§ 574.106, 574.108 (West 2010). We must give this appeal preference over all other cases and advance the appeal on the docket. *Id.* § 574.070(e). Appellant's brief was due October 24, 2016. No brief has been filed.

A patient for whom an application for an order to authorize the administration of a psychoactive medication is filed is entitled to representation by a court-appointed attorney who is knowledgeable about issues to be adjudicated at the hearing. *Id.* § 574.105(1). A patient may appeal an order to administer psychoactive

medication in the manner for an appeal of an order requiring court-ordered mental health services. *See id.* §§ 574.108, 574.040 (governing appeal of order requiring court-ordered mental health services). In mental health proceedings, "the State undertakes to act *in parens patriae*, thereby imposing on the State a duty to accord due process, which necessarily includes the duty to ensure that a person subjected to these proceedings is afforded the opportunity of legal counsel at every step therein." *In re Ortiz*, 640 S.W.2d 67, 67 (Tex. App.—Amarillo 1982, no writ); *accord In re L.E.H.*, 228 S.W.3d 219, 220 (Tex. App.—San Antonio 2007, no writ) (quoting *Ortiz*).

Appellant was represented by counsel at the hearing in the probate court. That lawyer has notified this court that he does not represent appellant on appeal.

Accordingly, we **ORDER** the judge of Probate Court No. 3 of Harris County, Texas, to immediately conduct a hearing to determine whether appellant desires to prosecute this appeal, and, if so, whether appellant is entitled to appointed counsel on appeal. The judge shall appoint an appellate counsel for appellant if necessary. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. The transcribed record of the hearing, and supplemental clerk's record shall be filed with the clerk of this court on or before **November 23, 2016**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule

a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM