**The STATE of Texas for the BEST INTEREST AND PROTECTION OF L.E.H., Jr.**

No. 04–06–00787–CV.

Court of Appeals of Texas, San Antonio.

April 11, 2007.

Stephen Martin Nutt, San Antonio, for appellant.

Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice CATHERINE STONE, Justice, and KAREN ANGELINI, Justice.

### OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

This is an accelerated appeal of a trial court's judgment involuntarily committing

L.E.H., Jr. for temporary mental health services. Appellant's court-appointed attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Holding that the *Anders* procedure is appropriate in this context, we affirm the trial court's judgment.

In *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex.1998), the Texas Supreme Court held that applying the *Anders* procedure in appeals from civil juvenile delinquency adjudications properly balances a juvenile's statutory right to counsel against an appointed counsel's obligation not to prosecute frivolous appeals. In reaching its holding, the court identified the following four factors as the basis for its decision: (1) although juvenile proceedings are classified as civil cases, they are quasi-criminal in nature in that the defendant faces a potential loss of liberty; (2) as in criminal cases, a juvenile delinquent has a constitutional right to counsel during the delinquency determination; (3) the Texas Legislature has mandated that indigent juveniles be appointed counsel on appeal; and (4) as in criminal appeals, appellate counsel in a juvenile proceeding is ethically bound not to file frivolous appeals. *Id.* at 298. This court applied those same factors in holding that the *Anders* procedure is appropriate when court-appointed counsel concludes an appeal in a parental termination case is frivolous. *In re R.R.*, No. 04–03–00096–CV, 2003 WL 21157944, at *4 (Tex.App.-San Antonio May 21, 2003, no pet.).

■■■■ Applying these same factors, we similarly conclude that the *Anders* procedure is appropriate when court-appointed counsel concludes an appeal of an involuntary commitment order is frivolous. *See In re T.R.G.*, No. 07–05–0179–CV, 2005 WL 2152915 (Tex.App.-Amarillo Sept.7, 2005, no pet.) (applying *Anders* in same context); *In re E.M.*, No. 03–96–00703–CV, 1997 WL 217186 (Tex.App.-Austin May 1, 1997, no writ) (same). First, a person facing involuntary commitment does face a potential loss of liberty. Second, "[i]n mental health proceedings, as in this cause, the State undertakes to act in *parens patriae*, thereby imposing on the State a duty to accord due process, which necessarily includes the duty to ensure that a person subjected to these proceedings is afforded the opportunity of legal counsel at every step therein." *In re Ortiz*, 640 S.W.2d 67, 67 (Tex.App.-Amarillo 1982, no writ); *see also Ex parte Ullmann*, 616 S.W.2d 278, 283 (Tex.Civ.App.-San Antonio 1981, writ dism'd) (noting subject of an involuntary civil commitment proceeding has the right to effective assistance of counsel at all significant stages of the commitment process). Third, the Texas Legislature has mandated the appointment of an attorney to represent a proposed patient in an involuntary commitment proceeding. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.003–574.004 (Vernon 2003). Finally, an attorney appointed to represent a person who is appealing an involuntary commitment order is ethically bound not to file a frivolous pleading. Tex. Disciplinary R. Prof'l Conduct 3.01, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9).

L.E.H., Jr.'s court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel concludes that the appeal has no merit. Counsel provided L.E.H., Jr. with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex.App.-San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n. 1

(Tex.App.-San Antonio 1996, no pet.). This court also issued an order informing L.E.H., Jr. of his right to file a *pro se* brief; however, L.E.H., Jr. did not file a brief.

After reviewing the record and counsel's brief, we agree that the appeal is frivolous and without merit. The judgment of the trial court is affirmed. Appellate counsel's motion to withdraw is granted. *Nichols v. State*, 954 S.W.2d at 86; *Bruns* 924 S.W.2d at 177 n. 1.