# NO. 12-15-00016-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | § | *COUNTY COURT AT LAW* |
| *PROTECTION OF K.T.* | § | *CHEROKEE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

K.T. appeals from an order authorizing the Texas Department of State Health Services (the Department) to administer psychoactive medication-forensic. His counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

On January 8, 2015, Robert Lee, M.D. signed an application for an order to administer psychoactive medication-forensic to K.T. In the application, Lee stated that K.T. was subject to an order for inpatient mental health services issued under Chapter 46B (incompetency to stand trial) of the Texas Code of Criminal Procedure. He stated further that K.T. had been diagnosed with psychosis, not otherwise specified, and requested the trial court to compel K.T. to take psychoactive medications. According to Lee, K.T. verbally refused to take the medications. Lee stated further that, in his opinion, K.T. lacked the capacity to make a decision regarding administration of psychoactive medications because he has paranoid delusions about his medications and the medical staff, and has poor insight and/or poor judgment.

The trial court held a hearing on the application. After considering all the evidence, including the application and the expert testimony, the trial court found that the allegations in the application were true and correct and supported by clear and convincing evidence. Further, the

court found that treatment with the proposed medication was in K.T.'s best interest and that K.T. lacked the capacity to make a decision regarding administration of the medication. In addition, the court found that K.T. presented a danger to himself or others in the hospital. The trial court authorized the Department to administer psychoactive medications to K.T., and this appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

K.T.'s counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. *See In re L.E.H.*, 228 S.W.3d 219, 220 (Tex. App.—San Antonio 2007, no pet.) (holding that *Anders* procedure is appropriate in mental health commitment cases). From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal, and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and K.T.'s counsel's brief. We find nothing in the record that might arguably support the appeal.[1]

### DISPOSITION

As required, K.T.'s counsel has moved for leave to withdraw. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. We agree with K.T.'s counsel that the appeal is wholly frivolous. *See Taylor v. Tex. Dep't of Protective and Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—

---

[1] Counsel for K.T. certified that he provided K.T. with a copy of his brief and informed K.T. that he had the right to file his own brief. K.T. was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

Austin 2005, pet. denied). Accordingly, we ***grant*** his motion for leave to withdraw, and ***afffirm*** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered June 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 30, 2015**

**NO. 12-15-00016-CV**

**THE STATE OF TEXAS FOR THE
BEST INTEREST AND PROTECTION OF K.T.,**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 41,309)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*