# NO. 12-18-00038-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | § | *COUNTY COURT AT LAW* |
| *PROTECTION OF S.S.* | § | *CHEROKEE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

S.S. appeals from the trial court's order renewing an order for extended inpatient mental health services, and an order authorizing the Texas Department of State Health Services (the Department) to administer psychoactive medication. Her counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

On February 2, 2018, an application for court ordered extended mental health services was filed requesting the trial court to commit S.S. to the Rusk State Hospital (the Hospital) for a period not to exceed twelve months. At the time the application was filed, S.S. was a patient at the hospital. The application was supported by two physician's certificates of medical examination for mental illness, filed by R.H. Rodriguez, M.D. and Andrey Tsyss, D.O. Both physicians diagnosed S.S. with schizoaffective disorder bipolar type, and stated that she was suffering severe and abnormal mental, emotional or physical distress, was experiencing substantial mental or physical deterioration of her ability to function independently, and was unable to make a rational and informed decision as to whether or not to submit to treatment. Both physicians also stated that the patient's condition was expected to continue for more than ninety days.

Dr. Rodriguez also filed an application for an order to administer psychoactive medication to S.S., stating that S.S. verbally or by other indication, refused to take the medication voluntarily. He believed that S.S. lacked the capacity to make a decision regarding administration of psychoactive medication, that the medication was in the proper course of treatment, that the benefits of the psychoactive medication outweighed the risks, and that medications were in S.S.'s best interest.

The trial court held a hearing on the applications. After considering the request for renewal and the certificates, the trial court found that S.S. was mentally ill and that as a result of that mental illness, was likely to cause serious harm to self or others, or will, if not treated, continue to experience deterioration of her ability to function independently; is unable to make a rational and informed choice as to whether or not to submit to treatment; and that S.S.'s condition is expected to continue for more than ninety days. Further, the trial court found that S.S. received court ordered inpatient mental health services for at least sixty consecutive days within the twelve months preceding the hearing. Thus, the trial court granted the application for renewal of an order for extended mental health services and committed S.S. as an inpatient to the Hospital for a period not to exceed twelve months.

Further, after considering all of the evidence, including the application and the expert testimony, the trial court found that the allegations in the application for an order authorizing administration of psychoactive medication were true and correct and supported by clear and convincing evidence. The court found that treatment with the proposed medication was in S.S.'s best interest and that S.S. lacked the capacity to make a decision regarding administration of the medication. The trial court authorized the Department to administer psychoactive medications to S.S. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

S.S.'s counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. *See **In re L.E.H.***, 228 S.W.3d 219, 220 (Tex. App.–San Antonio 2007, no pet.) (holding that *Anders* procedure is appropriate in mental health commitment cases). From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with

2

*Anders*, *Gainous*, and ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal, and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; ***Mays v. State***, 904 S.W.2d 920, 922–23 (Tex. App.– Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See **Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and S.S.'s counsel's brief. We find nothing in the record that might arguably support the appeal.[1]

**DISPOSITION**

As required, S.S.'s counsel has moved for leave to withdraw. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. We agree with S.S.'s counsel that the appeal is wholly frivolous. *See **Taylor v. Tex. Dep't of Protective and Regulatory Servs.***, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied). Accordingly, we ***grant*** his motion for leave to withdraw, and ***affirm*** the trial court's judgments. *See* TEX. R. APP. P. 43.2.

Opinion delivered May 31, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] In compliance with ***Kelly v. State***, S.S.'s counsel provided S.S. with a copy of his brief, notified S.S. of his motion to withdraw as counsel, and informed S.S. of her right to file her own brief. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief, but the time for filing such a brief has expired and we have received no pro se brief.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2018**

**NO. 12-18-00038-CV**

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF S.S.**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 42,249)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*