# NO. 12-18-00027-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | § | *COUNTY COURT AT LAW* |
| *PROTECTION OF J.W.* | § | *CHEROKEE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

J.W. appeals from the trial court's order for temporary inpatient mental health services, and an order authorizing the Texas Department of State Health Services (the Department) to administer psychoactive medication. His counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

On February 1, 2018, an application for court ordered temporary mental health services was filed requesting the trial court to commit J.W. to the Rusk State Hospital (the Hospital) for a period not to exceed ninety days. At the time the application was filed, J.W. was a patient at the hospital. The application was supported by two physician's certificates of medical examination for mental illness, filed by Stephen Poplar, M.D. and Robert Bouchat, M.D. Both physicians diagnosed J.W. with schizophrenia, stated that he was likely to cause serious harm to others, and that he was suffering severe and abnormal mental, emotional or physical distress, was experiencing substantial mental or physical deterioration of his ability to function independently, and was unable to make a rational and informed decision as to whether or not to submit to treatment.

Dr. Poplar also filed an application for an order to administer psychoactive medication to J.W., stating that J.W. verbally refused to take the medication voluntarily. He believed that J.W. lacked the capacity to make a decision regarding administration of psychoactive medication, that the medication was in the proper course of treatment for J.W., and that the benefits of the psychoactive medication outweighed the risks of such medication in relation to present medical treatment and J.W.'s best interest.

The trial court held a hearing on the applications. After the hearing, the trial court found, by clear and convincing evidence, that J.W. was (1) mentally ill; (2) likely to cause serious harm to others; (3) suffering severe and abnormal mental, emotional, or physical distress; (4) experiencing substantial mental or physical deterioration of his ability to function independently, exhibited by J.W.'s inability, except for reasons of indigence, to provide for his basic needs, including food, clothing, health, or safety; and (5) unable to make a rational and informed decision as to whether or not to submit to treatment. The trial court rendered an order for temporary inpatient mental health services, committing J.W. to the Hospital for a period not to exceed ninety days.

Further, after considering all of the evidence, including the application and the expert testimony, the trial court found that the allegations in the application for an order authorizing administration of psychoactive medication were true and correct, and supported by clear and convincing evidence. The court found that treatment with the proposed medication was in J.W.'s best interest and that J.W. lacked the capacity to make a decision regarding administration of the medication. The trial court authorized the Department to administer psychoactive medications to J.W. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

J.W.'s counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. *See In re L.E.H.*, 228 S.W.3d 219, 220 (Tex. App.—San Antonio 2007, no pet.) (holding that *Anders* procedure is appropriate in mental health commitment cases). From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's

brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal, and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and J.W.'s counsel's brief. We find nothing in the record that might arguably support the appeal.[1]

## DISPOSITION

As required, J.W.'s counsel has moved for leave to withdraw. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. We agree with J.W.'s counsel that the appeal is wholly frivolous. *See Taylor v. Tex. Dep't of Protective and Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied). Accordingly, we *grant* his motion for leave to withdraw, and *affirm* the trial court's orders. *See* TEX. R. APP. P. 43.2.

Opinion delivered June 29, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] In compliance with *Kelly v. State*, J.W.'s counsel provided J.W. with a copy of his brief, notified J.W. of his motion to withdraw as counsel, and informed J.W. of his right to file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 29, 2018**

**NO. 12-18-00027-CV**

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF J.W.**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 42,302)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there were no errors in the orders.

It is therefore ORDERED, ADJUDGED and DECREED that the orders of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*