# NO. 12-19-00229-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | § | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | § | *COUNTY COURT AT LAW* |
| *OF A.D.S.* | § | *CHEROKEE COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

This is an accelerated appeal of a trial court's order that A.D.S. be involuntarily administered psychoactive medication. A.D.S.'s court appointed counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm.

## BACKGROUND

A.D.S. is a patient at Rusk State Hospital (RSH) pursuant to a court order for in-patient mental health services. On June 3, 2019, an application was filed for court-ordered administration of psychoactive medication to A.D.S. On June 4, 2019, the trial court conducted an evidentiary hearing on the matter.

At the hearing, Dr. Calvin Gerke testified on the State's behalf. Specifically, he testified that A.D.S. verbally refused medication, lacked the capacity to make a decision regarding

---

[1] *See* **In re State ex rel. Best Interest & Prot. of L.E.H.**, 228 S.W.3d 219, 220 (Tex. App–San Antonio 2007, no pet.) (concluding that *Anders* procedure is appropriate when court-appointed counsel concludes an appeal from involuntary commitment order is frivolous); *see also* **In re T.R.G.**, No. 07–05–0179–CV, 2005 WL 2152915, at *1 (Tex. App.–Amarillo Sept.7, 2005, no pet.) (mem. op., not designated for publication); **In re E.M.**, No. 03-96-00703-CV, 1997 WL 217186, at *2 (Tex. App.–Austin May 1, 1997, no writ) (op., not designated for publication). We conclude that the *Anders* procedure also is appropriate when court-appointed counsel concludes an appeal from an order to administer psychoactive medication is frivolous. *Cf.* **In re L.E.H.**, 228 S.W.3d at 220.

medication, and refused to speak to the doctor on most occasions with regard to his mental illness and/or treatment. Gerke further testified that if A.D.S. did not take medication, he would become increasingly aggressive, as he had been in the past both with RSH staff and his peers, and, without such treatment, he poses a danger to the staff and his peers in the institutional setting.

Gerke discussed the exhibit attached to the application, which sets forth the classifications of medication he wished to use on A.D.S. Gerke stated that the benefits of the medications referenced in the exhibit outweighed the risks associated with them. He also set forth that he does not believe that there are less intrusive alternatives to secure A.D.S.'s agreement to participate in his treatment. Gerke testified that he believes A.D.S. likely will regain trial competency faster if the medications are used versus if they are not used. He further testified that none of the medications requested would interfere with A.D.S.'s ability to confer with an attorney about his underlying criminal charges.

Gerke stated that he was aware that A.D.S. was at RSH pursuant to a court order for mental health services in accordance with Texas Code of Criminal Procedure, Article 46B, following what he described as "multiple criminal charges, . . . including burglary of a habitation, tampering with government documents, and unauthorized use of a motor vehicle." He testified that it was likely that A.D.S.'s competency would be restored more quickly if he took the medications than it would be without his using the medications.

On cross examination, Gerke testified that A.D.S. had not complained of any side effects from the medications. But he also testified that A.D.S. seemed "situationally dysphoric" and "accused us of trying to kill him," neither of which was a side effect of the medications.

A.D.S. testified that he agreed that the medication Gerke wanted him to take was necessary for the treatment of his mental illness. He further testified that his only concern was the side effects of drowsiness and dry mouth, which he previously was permitted to treat with candy and Gatorade. A.D.S. stated that he would not object to taking the medications if he was permitted to treat these side effects.

On recall, Gerke testified that water and hard candy was available to assist A.D.S. with the dry mouth side effect. He further testified that tapering A.D.S.'s dosage of benzodiazepine down until discontinuation should help reduce any feeling of sedation.

The trial court ultimately granted the application for administration of psychoactive medications. In so doing, the court found that A.D.S. lacked the capacity to make a decision

2

regarding administering of medication and that said medication was in his best interest. The trial court further found that A.D.S presented a danger to himself or others in the facility. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

A.D.S.'s counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. In it, he states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), J.W's brief presents a chronological summation of the procedural history of the case and states that his counsel is unable to raise any arguable issues for appeal.[2] We likewise reviewed the record for reversible error and have found none.

## CONCLUSION

A.D.S.'s counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. However, despite our having found no reversible error, we *deny* counsel's request to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* at 27. Accordingly, applying *P.M.* to the circumstances of this case, we conclude that counsel's obligation to A.D.S. has not yet been discharged. *See id.* If A.D.S., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an Anders brief." *Id.*; *cf. A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.–

---

[2] In compliance with *Kelly v. State*, A.D.S.'s counsel provided A.D.S. with a copy of the brief, notified A.D.S. of his motion to withdraw as counsel, informed A.D.S. of his right to file a pro se response, and took concrete measures to facilitate A.D.S.'s review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). A.D.S. was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

Austin Oct. 5, 2016, no pet.) (mem. op.). We ***affirm*** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered December 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 31, 2019

NO. 12-19-00229-CV

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF A.D.S.**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 42684)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*