# NO. 12-19-00228-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | § | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | § | *COUNTY COURT AT LAW* |
| *OF M.R.* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

This is an accelerated appeal of a trial court's order that M.R. be involuntarily administered psychoactive medication. M.R.'s court appointed counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm.

## BACKGROUND

M.R., having been found not guilty of her underlying offense by reason of insanity, is a patient at Rusk State Hospital (RSH) pursuant to a court order for in-patient mental health services under Texas Code of Criminal Procedure Chapter 46C. On June 3, 2019, Dr. Trina Cormack, M.R.'s treating physician at RSH, filed an application for court-ordered administration of psychoactive medication to M.R. On June 4, 2019, the trial court conducted an evidentiary hearing on the matter.

---

[1] *See **In re State ex rel. Best Interest & Prot. of L.E.H.***, 228 S.W.3d 219, 220 (Tex. App—San Antonio 2007, no pet.) (concluding that ***Anders*** procedure is appropriate when court-appointed counsel concludes an appeal from involuntary commitment order is frivolous); *see also **In re T.R.G.***, No. 07–05–0179–CV, 2005 WL 2152915, at *1 (Tex. App.—Amarillo Sept.7, 2005, no pet.) (mem. op., not designated for publication); ***In re E.M.***, No. 03-96-00703-CV, 1997 WL 217186, at *2 (Tex. App.—Austin May 1, 1997, no writ) (op., not designated for publication). We conclude that the ***Anders*** procedure also is appropriate when court-appointed counsel concludes an appeal from an order to administer psychoactive medication is frivolous. *Cf. **In re L.E.H.***, 228 S.W.3d at 220.

At the hearing, Dr. Cormack testified on the State's behalf. Specifically, she testified that M.R. verbally refused medication, lacked the capacity to make a decision regarding her medication, and refused to speak to the doctor on most occasions regarding her mental illness and treatment. Dr. Cormack testified that M.R. agreed to take only five milligrams of Zyprexa and not the increased dosage ordered by her, and further declined to take any other medications. Dr. Cormack stated that M.R. suffered from paranoia as part of her mental illness, and that her objections to modification of her medication regimen were not based on logic but her paranoia.

Dr. Cormack testified further that the exhibit attached to her application, which was admitted into evidence at the hearing, sets forth the classifications of medication that she wished to administer to M.R. She also explained that it is unlikely that M.R. will obtain a dischargeable condition without the use of the medications, that they would provide the least intrusive means to treat her condition, and that the benefits of the medications outweighed the risks associated with them.

M.R. testified at the hearing that she agreed to take the current medication regimen but objected to an increased dose of Zyprexa. M.R. claimed that she suffered heavy drowsiness as a result of the increased dosage, that she was complying with her obligations as a patient, and that modification of her medication regimen was unwarranted. On recall, Dr. Cormack testified that M.R. refused to take any medication at a different time of the day to alleviate side effects such as drowsiness.

The trial court ultimately granted the application, found that M.R. lacked the capacity to make a decision regarding the administration of the proposed medication, that the medication is in M.R.'s best interest, and ordered that the medication be administered to her. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

M.R.'s counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. In it, he states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), M.R.'s brief presents a chronological summation of the procedural history of the case and states that his counsel

2

is unable to raise any arguable issues for appeal.[2] We likewise reviewed the record for reversible error and have found none.

<u>CONCLUSION</u>

M.R.'s counsel moved for leave to withdraw. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. However, despite our having found no reversible error, we ***deny*** counsel's request to withdraw. *See **In re P.M.***, 520 S.W.3d 24, 27–28 (Tex. 2016). In ***In re P.M.***, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." ***Id.*** at 27. After disposition by the court of appeals, an appeal of an order to administer psychoactive medication under these circumstances is made to the Texas Supreme Court. *See* Tex. Health & Safety Code Ann. §§ 574.070(e), 574.108(a) (West 2017). Accordingly, applying ***P.M.*** to the circumstances of this case, we conclude that counsel's obligation to M.R. has not yet been discharged. *See **id.*** If M.R., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an ***Anders*** brief." ***Id.***; *cf. **A.C. v. Tex. Dep't of Family & Protective Servs.***, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.–Austin Oct. 5, 2016, no pet.) (mem. op.). We ***affirm*** the trial court's judgment. *See* Tex. R. App. P. 43.2.

Opinion delivered January 31, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] In compliance with ***Kelly v. State***, M.R.'s counsel provided M.R. with a copy of the brief, notified M.R. of his motion to withdraw as counsel, informed M.R. of her right to file a pro se response, and took concrete measures to facilitate M.R.'s review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). M.R. was given time to file her own brief. The time for filing such a brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2020**

**NO. 12-19-00228-CV**

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF M. R.**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 42683)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*