# NO. 12-20-00263-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | § | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | § | *COUNTY COURT AT LAW* |
| *OF K.M.B.* | § | *CHEROKEE COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

This is an appeal of the trial court's order that psychoactive medication be involuntarily administered to Appellant, K.M.B. Appellant's court-appointed counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm the trial court's judgment.

## BACKGROUND

Appellant is a patient at Rusk State Hospital ("RSH") pursuant to an order for in-patient mental health services. On November 16, 2020, an application was filed for court-ordered administration of psychoactive medication to Appellant, and on November 24, 2020, the trial court conducted an evidentiary hearing on the matter.

At the hearing, Appellant's treating physician, Dr. Larry Hawkins, testified on behalf of the State. Dr. Hawkins testified that Appellant is under a court order for mental health services because she has been found to be incompetent to stand trial. Dr. Hawkins explained that he filed an application to administer psychoactive medication because Appellant suffers from delusional

---

[1] *See In re State ex rel. Best Interest & Prot. of L.E.H.*, 228 S.W.3d 219, 220 (Tex. App.—San Antonio 2007, no pet.) (concluding that *Anders* procedure is appropriate when court-appointed counsel concludes an appeal from an involuntary commitment order is frivolous); *see also In re T.R.G.*, No. 07-05-0179-CV, 2005 WL 2152915, at *1 (Tex. App.—Amarillo Sept. 7, 2005, no pet.) (mem. op.). We hold that the *Anders* procedure is also appropriate when court-appointed counsel concludes that an appeal from an order to administer psychoactive medication is frivolous. *Cf. In re L.E.H.*, 228 S.W.3d at 220.

disorder, persecutory type, and she refused to take medication. According to Dr. Hawkins, Appellant lacks the capacity to make a decision regarding the medication. Dr. Hawkins testified that Appellant does not believe she has a mental illness, and that Appellant believes the charges against her are false, she is erroneously hospitalized, and she should not be required to take any medication. Dr. Hawkins explained that Appellant is facing charges of burglary and criminal mischief, and he opined that Appellant's refusal to take medication puts her "at risk of not being restored to competency."

Dr. Hawkins discussed the exhibit attached to the application, which sets forth the classifications of medications he wished to administer to Appellant. According to Dr. Hawkins, the medications constitute the proper course of treatment for Appellant and are in her best interest. Dr. Hawkins stated that the benefits of using the medications outweigh the risks associated with them. Dr. Hawkins also testified that Appellant would regain competency faster if the medications are administered to her, and he explained that if the medications interfered with Appellant's ability to consult with her attorney about her underlying criminal charges, he would remedy the problem by changing the medication, reducing the dose, and treating any side effects.

During cross-examination, Dr. Hawkins testified that Appellant would not provide much medical history during her interview, and Appellant has delusions about people abusing her children. According to Dr. Hawkins, Appellant's delusions render her unable to "actually work with someone to deal with her charges in a rational way." Dr. Hawkins testified that Appellant made demands and threats during his conversation with her. Dr. Hawkins explained that the nature of Appellant's disorder "does not lend itself to any kind of therapy," and he opined that medication is the only treatment that will help Appellant achieve competency. According to Dr. Hawkins, Appellant did not express any religious or constitutional objections to taking the medication.

Appellant testified that she disagrees with Dr. Hawkins's diagnosis of her condition and his assessment regarding her need for medication. Appellant explained that she believes she has sufficient mental capacity to confront the criminal charges pending against her. According to Appellant, Dr. Hawkins "accused" her of a certain diagnosis without having her full history, and Appellant stated that Dr. Hawkins "was very judgmental" and "very biased" during her first meeting with him. Appellant testified to telling Dr. Hawkins that he has "incorrect court orders[,]" and she explained that she asked to be released from RSH. Appellant testified, "they're trying to slap me with a quick diagnosis of delusional." According to Appellant, "CPS" had deleted records

2

in a case involving her children. Appellant testified that some of her pending criminal charges have been dismissed, but she could not confirm that the charges had been dismissed because RSH had refused to allow her "any sort of internet access."

On November 24, 2020, the trial court signed an order granting the application for administration of psychoactive medication. In its order, the court found that K.M.B. lacked the capacity to make a decision regarding administration of psychoactive medication and the medication was in her best interest. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

K.M.B.'s counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. In the brief, counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and there is no error upon which an appeal can be predicated. Counsel further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), the brief presents a chronological summary of the procedural history of the case and states that counsel is unable to raise any arguable issues for appeal.[2] We have reviewed the record for reversible error and have found none.

## CONCLUSION

Appellant's counsel filed a motion to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion with the case for consideration on the merits. However, despite our having found no reversible error, we **deny** counsel's request to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016). The Texas Supreme Court has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id*. at 27. After disposition by the Court of Appeals, an appeal of an order to administer psychoactive medication is made to the Texas Supreme Court. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.070(e), 574.108(a) (West 2017). Accordingly, applying *In re P.M.* to the

---

[2] Appellant's counsel provided her with a copy of the brief, notified her of his motion to withdraw as counsel, informed her of her right to file a pro se response, and took concrete measures to facilitate her review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief. The time for filing a pro se brief has expired, and no pro se brief has been filed.

circumstances of this case, we conclude that counsel has not yet discharged his obligation to Appellant. *See **In re P.M.***, 520 S.W.3d at 27; *see also **State for Best Interest & Prot. of M.R.***, No. 12-19-00228-CV, 2020 WL 500772, at *2 (Tex. App.—Tyler Jan. 31, 2020, no pet.) (per curiam) (mem. op.). If, after consulting with counsel, Appellant wishes to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an ***Anders*** brief." ***In re P.M.***, 520 S.W.3d at 28; *cf*. ***A.C. v. Tex. Dep't of Family & Protective Servs.***, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.). We ***affirm*** the trial court's judgment. *See* TEX. R. APP. P. 43.2(a).

Opinion delivered September 15, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 15, 2021**

**NO. 12-20-00263-CV**

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF K.M.B.,**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 43066)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*