# NO. 12-22-00258-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | § | *COUNTY COURT AT LAW* |
| *PROTECTION OF C.N.* | § | *CHEROKEE COUNTY, TEXAS* |

## MEMORANDUM OPINION
## PER CURIAM

This is an appeal of the trial court's order that psychoactive medication be involuntarily administered to Appellant, C.N. Appellant's court-appointed counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm.

## BACKGROUND

Appellant is a patient at Rusk State Hospital pursuant to an order for in-patient mental health services. On September 1, 2022, an application was filed for court-ordered administration of psychoactive medication to Appellant, and on September 6, 2022, the trial court conducted an evidentiary hearing on the matter.

At the hearing, Appellant's treating physician, Dr. Stephen Poplar, testified on behalf of the State. Dr. Poplar testified that Appellant is under a court order for mental health services because he was found "not guilty" of murder by reason of insanity. Dr. Poplar explained that he filed an application to administer psychoactive medication because Appellant suffers from bipolar

---

[1] *See **In re State ex rel. Best Interest & Prot. of L.E.H.***, 228 S.W.3d 219, 220 (Tex. App.—San Antonio 2007, no pet.) (holding that ***Anders*** procedure is appropriate when court-appointed counsel concludes an appeal from an involuntary commitment order is frivolous); *see also **In re T.R.G.***, No. 07-05-0179-CV, 2005 WL 2152915, at *1 (Tex. App.—Amarillo Sept. 7, 2005, no pet.) (mem. op.). We hold that the ***Anders*** procedure is also appropriate when court-appointed counsel concludes that an appeal from an order to administer psychoactive medication is frivolous. *Cf. **In re L.E.H.***, 228 S.W.3d at 220.

I disorder, unspecified anxiety disorder, and antisocial personality disorder, and Appellant refused to take medication voluntarily. According to Dr. Poplar, Appellant lacks the capacity to make decisions related to medication. Dr. Poplar testified that during his last visit with Appellant, Appellant was "very irritable" and "very upset[,]" and Appellant "repeatedly stated that he did not believe himself to have a mental illness." Dr. Poplar explained that Appellant believed the medications caused him to be violent and Appellant did not want to take them.

Dr. Poplar discussed the exhibit attached to the application, which sets forth the classifications of medications he wished to administer to Appellant. According to Dr. Poplar, the medications constitute the proper course of treatment for Appellant and are in his best interest. Additionally, Dr. Poplar explained that the benefits of using the medications outweigh the risks associated with them. Dr. Poplar also testified that administering the medications would potentially enable Appellant to be treated on an outpatient basis. Dr. Poplar explained that he meets with patients at least monthly, and nurses assess patients daily, so any side effects of the medications are monitored. According to Dr. Poplar, Appellant did not express any religious or constitutional objections to taking medication. Dr. Poplar further explained that without the medications, Appellant is likely to be a danger to himself or to others.

During cross-examination, Dr. Poplar testified that Appellant reported side effects from the medications, but Dr. Poplar did not observe any. Dr. Poplar explained that Appellant believed the medications made him tired, violent, and unwilling to participate in groups. According to Dr. Poplar, Appellant's belief that he is not mentally ill is "categorically false[]" and Appellant clearly has "bipolar illness." Dr. Poplar testified that Appellant's medical record reflects that he was hospitalized from 2004 to 2018, and he began exhibiting behavioral issues at age thirteen.

Appellant testified that he disagrees with Dr. Poplar's assessment that he needs medication, and he opined that he is capable of functioning in society without medication. In addition, Appellant testified that he "killed people trying to get to [the] therapeutic range[]" of the medications.

On September 6, 2022, the trial court signed an order granting the application for administration of psychoactive medication. In its order, the trial court found that C.N. lacks the capacity to make a decision regarding administration of psychoactive medication and that the medication is in his best interest. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

C.N.'s counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. In the brief, counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and there is no error upon which an appeal can be predicated. Counsel further relates that he is well acquainted with the facts in this case. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), the brief presents a chronological summary of the procedural history of the case and states that counsel is unable to raise any arguable issues for appeal.[2] We have reviewed the record for reversible error and have found none.

## CONCLUSION

Appellant's counsel filed a motion to withdraw. *See* ***In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion with the case for consideration on the merits. However, despite our having found no reversible error, we ***deny*** counsel's request to withdraw. *See* ***In re P.M.***, 520 S.W.3d 24, 27-28 (Tex. 2016). The Texas Supreme Court has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id*. at 27. After disposition by the Court of Appeals, an appeal of an order to administer psychoactive medication is made to the Texas Supreme Court. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.070(e), 574.108(a) (West 2017). Accordingly, applying ***In re P.M.*** to the circumstances of this case, we conclude that counsel has not yet discharged his obligation to Appellant. *See* ***In re P.M.***, 520 S.W.3d at 27; *see also* ***State for Best Interest & Prot. of M.R.***, No. 12-19-00228-CV, 2020 WL 500772, at *2 (Tex. App.—Tyler Jan. 31, 2020, no pet.) (per curiam) (mem. op.). If, after consulting with counsel, Appellant wishes to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an ***Anders*** brief." ***In re P.M.***, 520 S.W.3d at 28; *cf.* ***A.C. v. Tex. Dep't of Family & Protective Servs.***, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.). We ***affirm*** the trial court's judgment. *See* TEX. R. APP. P. 43.2(a).

---

[2] Appellant's counsel provided him with a copy of the brief, notified him of his motion to withdraw as counsel, informed him of his right to file a pro se response, and took concrete measures to facilitate his review of the appellate record. *See* ***Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing a pro se brief has expired, and no pro se brief has been filed.

Opinion delivered January 11, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 11, 2023**

**NO. 12-22-00258-CV**

**THE STATE OF TEXAS FOR THE BEST INTEREST
AND PROTECTION OF C.N.**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 43,397)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*