# NO. 12-23-00260-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | § | *COUNTY COURT AT LAW* |
| *PROTECTION OF M. T.* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

This is an appeal of the trial court's order that psychoactive medication be involuntarily administered to Appellant, M.T. Appellant's court-appointed counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm.

## BACKGROUND

Appellant is a patient at Rusk State Hospital pursuant to an order for in-patient mental health services. On September 27, 2023, an application was filed for court-ordered administration of psychoactive medication to Appellant, and on October 3, the trial court conducted an evidentiary hearing.

---

[1] *See **In re State ex rel. Best Interest & Prot. of L.E.H.***, 228 S.W.3d 219, 220 (Tex. App.—San Antonio 2007, no pet.) (holding that ***Anders*** procedure is appropriate when court-appointed counsel concludes an appeal from an involuntary commitment order is frivolous); *see also **In re T.R.G.***, No. 07-05-0179-CV, 2005 WL 2152915, at \*1 (Tex. App.—Amarillo Sept. 7, 2005, no pet.) (mem. op.). We hold that the ***Anders*** procedure is also appropriate when court-appointed counsel concludes that an appeal from an order to administer psychoactive medication is frivolous. *Cf. **In re L.E.H.***, 228 S.W.3d at 220.

At the hearing, Appellant's treating physician, Dr. Robert Lee, testified on behalf of the State. Dr. Lee testified that Appellant is under a court order for mental health services, having been found incompetent to stand trial on pending charges of aggravated sexual assault of a child, kidnapping, and forced prostitution. Dr. Lee explained that he filed an application to administer psychoactive medication because Appellant suffers from schizoaffective disorder, bipolar type, and Appellant refused to voluntarily take a specific antipsychotic medication. Dr. Lee stated that Appellant refused to take the medication because Appellant believed he was involved with various government agencies, including the FBI, and further did not believe he was delusional. Moreover, Appellant exhibited aggressive behavior toward both his peers and hospital staff. According to Dr. Lee, Appellant lacks the capacity to make rational decisions related to medication.

Dr. Lee discussed the exhibit attached to the application, which sets forth the classifications of medications he wished to administer to Appellant. According to Dr. Lee, the medications constitute the proper course of treatment for Appellant and are in his best interest, and there are no less intrusive alternative treatment protocols available. Additionally, Dr. Lee explained that the benefits of using the medications outweigh the risks associated with them. Administering the medications would allow Appellant to regain competency faster and would not interfere with Appellant's ability to confer with his attorney. However, without the medications, Appellant could suffer mental deterioration and become a danger to himself and others. Dr. Lee testified that Appellant initially agreed to switch to the currently prescribed medication, but in the future, if Appellant was adamant that the medication was causing side effects, he would consider prescribing other medication.

Appellant testified that he never refused his medication. However, he objected to taking one specific antipsychotic medication because it "bothers" his genitals, impedes his speech, and he is not delusional. Appellant explained that the accusations that he is delusional stem from his inability to produce evidence of his claimed military background and assignments with the CIA. Appellant further admitted that he spit at a member of the hospital staff, claiming that she falsely reported that he was not taking his medication.

On October 3, the trial court signed an order granting the application for administration of psychoactive medication. In its order, the trial court found that M.T. lacks the capacity to

make a decision regarding administration of psychoactive medication and that the medication is in his best interest. This appeal followed.

<u>ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</u>

M.T.'s counsel filed a brief in compliance with **Anders v. California** and **Gainous v. State**. In the brief, counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and there is no error upon which an appeal can be predicated. In compliance with **Anders**, **Gainous**, and **High v. State**, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), the brief presents a chronological summary of the procedural history of the case and states that counsel is unable to raise any arguable issues for appeal.[2] We reviewed the record for reversible error and have found none.

<u>CONCLUSION</u>

Appellant's counsel filed a motion to withdraw. See **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion with the case for consideration on the merits. However, despite our having found no reversible error, we **deny** counsel's request to withdraw. See **In re P.M.**, 520 S.W.3d 24, 27-28 (Tex. 2016). The Texas Supreme Court has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." **Id.** at 27. After disposition by the Court of Appeals, an appeal of an order to administer psychoactive medication is made to the Texas Supreme Court. See TEX. HEALTH & SAFETY CODE ANN. §§ 574.070(e), 574.108(a) (West 2023). Accordingly, applying **In re P.M.** to the circumstances of this case, we conclude that counsel has not yet discharged his obligation to Appellant. See **In re P.M.**, 520 S.W.3d at 27; see also **State for Best Interest & Prot. of M.R.**, No. 12-19-00228-CV, 2020 WL 500772, at *2 (Tex. App.—Tyler Jan. 31, 2020, no pet.) (per curiam) (mem. op.). If, after consulting with counsel, Appellant wishes to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an **Anders** brief." **In re P.M.**, 520 S.W.3d at 28; cf. **A.C. v. Tex. Dep't**

_____

[2] Appellant's counsel provided him with a copy of the brief, notified him of his motion to withdraw as counsel, informed him of his right to file a pro se response, and took concrete measures to facilitate his review of the appellate record. See **Kelly v. State**, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing a pro se brief expired, and no pro se brief has been filed.

*of Family & Protective Servs.*, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.). We affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

Opinion delivered January 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2024**

**NO. 12-23-00260-CV**

**THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF M. T.**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 43580)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*