# NO. 12-20-00264-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | § | *COUNTY COURT AT LAW* |
| *PROTECTION OF C.B.* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

This is an accelerated appeal of a trial court's order that C.B. be involuntarily administered psychoactive medication. C.B.'s court appointed counsel filed a brief in compliance with *Anders v. California*, 366 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm.

## BACKGROUND

C.B. is a patient at Rusk State Hospital (RSH) pursuant to an order for in-patient mental health services. On November 18, 2020, an application was filed for court-ordered administration of psychoactive medication to C.B. On November 24, the trial court conducted an evidentiary hearing on the matter.

At the hearing, Dr. Robert Lee testified on the State's behalf. Dr. Lee testified that Appellant suffered from schizophrenia. Dr. Lee further stated that C.B. refused medication and lacked the capacity to make a decision regarding medication. According to Dr. Lee, C.B. refused

---

[1] *See **In re State ex rel. Best Interest & Prot. of L.E.H.***, 228 S.W.3d 219, 220 (Tex. App—San Antonio 2007, no pet.) (concluding that ***Anders*** procedure is appropriate when court-appointed counsel concludes an appeal from involuntary commitment order is frivolous); *see also **In re T.R.G.***, No. 07–05–0179–CV, 2005 WL 2152915, at *1 (Tex. App.—Amarillo Sept.7, 2005, no pet.) (mem. op.); ***In re E.M.***, No. 03-96-00703-CV, 1997 WL 217186, at *2 (Tex. App.—Austin May 1, 1997, no writ) (op.). We hold that the ***Anders*** procedure also is appropriate when court-appointed counsel concludes an appeal from an order to administer psychoactive medication is frivolous. *Cf. **In re L.E.H.***, 228 S.W.3d at 220.

medication due to paranoid delusions and concerns that the medications would prevent him from having children. Dr. Lee characterized these concerns as irrational.

Dr. Lee discussed the exhibit attached to the application, which sets forth the classification of medications he wished to administer to C.B. Dr. Lee stated that the benefits of the medications referenced in the exhibit outweighed the risks associated with them. Dr. Lee further testified that C.B. likely will regain trial competency faster if the medications are used versus if they are not used. He also testified that none of the medications requested would interfere with C.B.'s ability to confer with his attorney about his underlying criminal charges.

Dr. Lee stated that he was aware that C.B. was at RSH pursuant to a court order for mental health services in accordance with Texas Code of Criminal Procedure, Article 46B, following what he described as "a charge related to injury to a disabled child."

On cross-examination, he testified that C.B. has complained about side effects from the medications. However, Dr. Lee characterized them as "psychosomatic symptoms or symptoms he may have because of anxiety, but they are not a direct side effect from the medication." He further testified that there are no less intrusive therapies to allow C.B. to regain competency at this time.

C.B. testified that he did not wish to take the medications because of the side effects he experienced. He further testified, "I don't like to be treated like a child because I don't deserve to take some medicine because I haven't been – I haven't hit nobody or anything, and he trying to say that I need medicine just because they make me mad."

The trial court ultimately granted the application for administration of psychoactive medications. In so doing, the court found that C.B. lacked the capacity to make a decision regarding administering of medication and that said medication was in his best interest. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

C.B.'s counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. In it, he states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978),

C.B.'s brief presents a chronological summation of the procedural history of the case and states that his counsel is unable to raise any arguable issues for appeal.[2] We likewise reviewed the record for reversible error and have found none.

## CONCLUSION

C.B.'s counsel moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. However, despite our having found no reversible error, we **deny** counsel's request to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* at 27. After disposition by the court of appeals, an appeal of an order to administer psychoactive medication is made to the Texas Supreme Court. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.070(e), 574.108(a) (West 2017). Accordingly, applying **P.M.** to the circumstances of this case, we conclude that counsel's obligation to C.B. has not yet been discharged. *See P.M.*, 520 S.W.3d at 27*; see also,* **State for Best Interest & Prot. of M.R.**, No. 12-19-00228-CV, 2020 WL 500772, at *2 (Tex. App.—Tyler Jan. 31, 2020, no pet.) (per curiam) (mem. op.). If C.B., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an **Anders** brief." **P.M.** 520 S.W.3d at 27; *cf.* **A.C. v. Tex. Dep't of Family & Protective Servs.**, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.–Austin Oct. 5, 2016, no pet.) (mem. op.). We **affirm** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered August 18, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] In compliance with **Kelly v. State**, C.B.'s counsel provided C.B. with a copy of the brief, notified C.B. of his motion to withdraw as counsel, informed C.B. of his right to file a pro se response, and took concrete measures to facilitate C.B.'s review of the appellate record. *See* **Kelly v. State**, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). C.B. was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 18, 2021**

**NO. 12-20-00264-CV**

**THE STATE OF TEXAS FOR THE
BEST INTEREST AND PROTECTION OF C.B.**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 43067)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*