# NO. 12-22-00276-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | § | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | § | *COUNTY COURT AT LAW* |
| *OF Z.F.* | § | *CHEROKEE COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

This is an appeal of the trial court's order that psychoactive medication be involuntarily administered to Appellant, Z.F. Appellant's court-appointed counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm.

## BACKGROUND

Appellant is a patient at Rusk State Hospital pursuant to an order for in-patient mental health services. On September 30, 2022, an application was filed for court-ordered administration of psychoactive medication to Appellant. The trial court conducted an evidentiary hearing on October 4.

At the hearing, Appellant's treating physician, Dr. Stephen Poplar, testified on behalf of the State. Dr. Poplar testified that Appellant is under a court order for mental health services, having been found incompetent to stand trial. Dr. Poplar explained that he filed an application to

---

[1] *See **In re State ex rel. Best Interest & Prot. of L.E.H.***, 228 S.W.3d 219, 220 (Tex. App.—San Antonio 2007, no pet.) (holding that ***Anders*** procedure is appropriate when court-appointed counsel concludes an appeal from an involuntary commitment order is frivolous); *see also **In re T.R.G.***, No. 07-05-0179-CV, 2005 WL 2152915, at *1 (Tex. App.—Amarillo Sept. 7, 2005, no pet.) (mem. op.). We hold that the ***Anders*** procedure is also appropriate when court-appointed counsel concludes that an appeal from an order to administer psychoactive medication is frivolous. *Cf. **In re L.E.H.***, 228 S.W.3d at 220.

administer psychoactive medication because Appellant suffers from schizoaffective disorder, bipolar type, and refused to take medication. According to Dr. Poplar, Appellant lacks the capacity to make a decision regarding the medication. Dr. Poplar testified that Appellant does not believe he has a mental illness. Dr. Poplar further explained that Appellant is facing a charge for assault of a public servant.

Dr. Poplar discussed the exhibit attached to the application, which sets forth the classifications of medications he wished to administer to Appellant. According to Dr. Poplar, the medications constitute the proper course of treatment for Appellant and are in his best interest. Dr. Poplar stated that the benefits of using the medications outweigh the risks associated with them. Dr. Poplar also testified that Appellant would regain competency faster if the medications are administered, and he explained that if the medications interfered with Appellant's ability to consult with his attorney about his underlying criminal charge, he would remedy the problem by changing the medication, reducing the dose, and treating any side effects. Dr. Poplar explained that he meets with patients at least monthly, and nurses assess patients daily, so any side effects of the medications are monitored. According to Dr. Poplar, Appellant did not express any religious or constitutional objections to taking medication. Dr. Poplar explained that without the medications, Appellant is likely to be a danger to himself or to others.

Appellant testified that he disagrees with Dr. Poplar's diagnosis of his condition and his assessment regarding the need for medication. Appellant further testified that the medication "caused a speech impediment and thinking abilities." He explained that the medication makes him dizzy and the staff refuses to allow him to lie down. Appellant further opined that he is "incompetent when [he's] on the medication."

At the conclusion of the hearing, the trial court granted the application for administration of psychoactive medication. In its order, the trial court found that Appellant lacks the capacity to make a decision regarding administration of psychoactive medication and that the medication is in his best interest. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. In the brief, counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and there is no error upon which an appeal can

be predicated. Counsel further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), the brief presents a chronological summary of the procedural history of the case and states that counsel is unable to raise any arguable issues for appeal.[2] We have reviewed the record for reversible error and have found none.

**CONCLUSION**

Appellant's counsel filed a motion to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion with the case for consideration on the merits. However, despite our having found no reversible error, we **deny** counsel's request to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016). The Texas Supreme Court has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id*. at 27. After disposition by the Court of Appeals, an appeal of an order to administer psychoactive medication is made to the Texas Supreme Court. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.070(e), 574.108(a) (West 2017). Accordingly, applying *In re P.M.* to the circumstances of this case, we conclude that counsel has not yet discharged his obligation to Appellant. *See In re P.M.*, 520 S.W.3d at 27; *see also State for Best Interest & Prot. of M.R.*, No. 12-19-00228-CV, 2020 WL 500772, at *2 (Tex. App.—Tyler Jan. 31, 2020, no pet.) (per curiam) (mem. op.). If, after consulting with counsel, Appellant wishes to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 28; *cf. A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.). We **affirm** the trial court's judgment. *See* TEX. R. APP. P. 43.2(a).

Opinion delivered March 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Despite this Court's request, Appellant's counsel failed to provide Appellant with a copy of the brief, notify him of his motion to withdraw as counsel, inform him of his right to file a pro se response, or take concrete measures to facilitate his review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). However, this Court ensured Appellant received a copy of the record and was informed of the deadline to file a pro se brief. The time for filing a pro se brief has expired, and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 8, 2023**

**NO. 12-22-00276-CV**

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF Z.F.**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 43404)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*