# NO. 12-24-00011-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | *§* | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | *§* | *COUNTY COURT AT LAW* |
| *PROTECTION OF R.L.* | *§* | *CHEROKEE COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

This is an appeal of the trial court's order that psychoactive medication be involuntarily administered to Appellant, R.L. Appellant's court-appointed counsel filed a brief in compliance with **Anders v. California**, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and **Gainous v. State**, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm.

### BACKGROUND

Appellant is a patient at Rusk State Hospital pursuant to an order for in-patient mental health services. On January 22, 2024, an application was filed for court-ordered administration of psychoactive medication to Appellant, and on January 23, the trial court conducted an evidentiary hearing.

---

[1] *See **In re State ex rel. Best Interest & Prot. of L.E.H.***, 228 S.W.3d 219, 220 (Tex. App.—San Antonio 2007, no pet.) (holding that **Anders** procedure is appropriate when court-appointed counsel concludes an appeal from an involuntary commitment order is frivolous); *see also **In re T.R.G.***, No. 07-05-0179-CV, 2005 WL 2152915, at *1 (Tex. App.—Amarillo Sept. 7, 2005, no pet.) (mem. op.). We hold that the **Anders** procedure is also appropriate when court-appointed counsel concludes that an appeal from an order to administer psychoactive medication is frivolous. *Cf. **In re L.E.H.***, 228 S.W.3d at 220.

At the hearing, Appellant's treating physician, Dr. Satyajeet Lahiri, testified on behalf of the State. Dr. Lahiri testified that Appellant is under a court order for mental health services, having been found incompetent to stand trial on pending charges of aggravated assault, aggravated assault against a public servant, and possession of a controlled substance. Dr. Lahiri explained that he filed an application to administer psychoactive medication because Appellant suffers from "psychosis, unspecified," and he refused to voluntarily take the medications. Specifically, Dr. Lahiri testified that Appellant was admitted to the facility the week prior to the hearing, and that Appellant "point blank said that he would not take medications." According to Dr. Lahiri, Appellant lacks the capacity to make a decision regarding the medications, and his refusal to take the medications is directly related to his mental illness diagnosis.

Dr. Lahiri testified that Appellant refused to take medications because he believes he does not have mental illness, he does not need the medications, and he is afraid that he will be given so much medication that he will have side effects and he will develop tremors and stiffness. Dr. Lahiri continued that Appellant is very fearful of the side effects. Dr. Lahiri also testified that Appellant lacks insight into his condition.

Dr. Lahiri discussed the exhibit attached to the application, which sets forth the classifications of medications he wished to administer to Appellant. According to Dr. Lahiri, the medications constitute the proper course of treatment for Appellant and are in his best interest, and there are no less intrusive or more effective alternative treatment protocols available. Additionally, Dr. Lahiri explained that the benefits of using the medications outweigh the risks associated with them. Dr. Lahiri continued that administering the medications would allow Appellant to regain competency faster and would not interfere with Appellant's ability to confer with his attorney. Dr. Lahiri testified further that if Appellant does not take the medications, he will likely become more psychotic, have clinical deterioration, his competency is not likely to be restored, and he will likely become a danger to others.

Appellant testified that he had a religious objection to taking the medications, which requires him to take only natural medications. He did not expound further on his religious beliefs. He further testified that he is not aggressive and that he does not feel that he needs to have any medications. In contrast, Dr. Lahiri testified that Appellant did not express any religious objections to voluntarily taking the medication prior to the hearing.

On January 23, the trial court signed an order granting the application for administration of psychoactive medication. In its order, the trial court found that R.L. lacks the capacity to make a decision regarding administration of psychoactive medication and that the medication is in his best interest. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

R.L.'s counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. In the brief, counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and there is no error upon which an appeal can be predicated. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), the brief presents a chronological summary of the procedural history of the case and states that counsel is unable to raise any arguable issues for appeal.[2] We reviewed the record for reversible error and have found none.

## CONCLUSION

Appellant's counsel filed a motion to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion with the case for consideration on the merits. However, despite our having found no reversible error, we deny counsel's request to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016). The Texas Supreme Court has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* at 27. After disposition by the Court of Appeals, an appeal of an order to administer psychoactive medication is made to the Texas Supreme Court. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.070(e), 574.108(a) (West 2017). Accordingly, applying *In re P.M.* to the circumstances of this case, we conclude that counsel has not yet discharged his obligation to Appellant. *See In re P.M.*, 520 S.W.3d at 27; *see also State for Best Interest & Prot. of M.R.*, No. 12-19-00228-CV, 2020 WL 500772, at *2 (Tex. App.—Tyler Jan. 31, 2020, no pet.) (per

---

[2] Appellant's counsel provided him with a copy of the brief, notified him of his motion to withdraw as counsel, informed him of his right to file a pro se response, and took concrete measures to facilitate his review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing a pro se brief expired, and no pro se brief has been filed.

curiam) (mem. op.). If, after consulting with counsel, Appellant wishes to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 28; *cf. A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.). We affirm the trial court's judgment. *See* TEX. R. APP. P. 43.2(a).

Opinion delivered May 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2024**

**NO. 12-24-00011-CV**

**THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF R.L.,**
Appellant

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 43,634)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*