# NO. 12-24-00046-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | § | *COUNTY COURT AT LAW* |
| *PROTECTION OF J.F.* | § | *CHEROKEE COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

This is an accelerated appeal of a trial court's judgment ordering the administration of psychoactive medication to J.F. J.F.'s court-appointed counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] Thereafter, J.F. filed a pro se brief. We affirm.

## BACKGROUND

On March 6, 2024, an application was filed for court-ordered temporary mental health services with regard to J.F. On March 12, the trial court conducted an evidentiary hearing on J.F.'s treating physician's application for administration of psychoactive medication to J.F.

At the hearing, Dr. Stephen Poplar testified that J.F. was under a court order for inpatient, mental-health services pursuant to Texas Code of Criminal Procedure, Chapter 468, which arose

---

[1] The *Anders* procedure also is appropriate when court-appointed counsel concludes an appeal from an order to administer psychoactive medication is frivolous. *In re State ex rel. Best Interest & Prot. of J.W.*, No. 12-18-00077-CV, 2018 WL 4474309, at *1 n.1 (Tex. App.–Tyler Sept. 19, 2018, no pet.) (mem. op.); *cf. In re State ex rel. Best Interest & Prot. of L.E.H.*, 228 S.W.3d 219, 220 (Tex. App–San Antonio 2007, no pet.) (concluding that *Anders* procedure is appropriate when court-appointed counsel concludes an appeal from involuntary commitment order is frivolous); *cf. also In re T.R.G.*, No. 07–05–0179–CV, 2005 WL 2152915, at *1 (Tex. App.–Amarillo Sept.7, 2005, no pet.) (mem. op., not designated for publication); *In re E.M.*, No. 03-96-00703-CV, 1997 WL 217186, at *2 (Tex. App.–Austin May 1, 1997, no writ) (op., not designated for publication).

from a criminal prosecution against J.F. for bodily injury to an elderly individual.[2]  Poplar testified that J.F. had a mental-illness diagnosis of Schizoaffective Disorder (Bipolar Type) and Methamphetamine-Use Disorder, and that J.F. refused to take medication based on his belief that he does not have mental illness, as well as his insistence that the medications are causing side-effects and the hospital will charge him for the medications.  In the application, Poplar stated that J.F. lacked the capacity to make rational decisions related to his medications.  Poplar also stated that his desire to prescribe these medications fell under the proper course of treatment and that J.F. would be more likely to regain competency faster if he took the medications than he would if he did not take them.  Poplar testified that the medications should not interfere with J.F.'s ability to confer with his attorney in the underlying criminal matter.

J.F. testified on his own behalf.  He initially stated that he was willing to take the medications, but later testified he did not want the trial court to order him to take them.

Thereafter, the trial court found that the allegations made in the application are "true and correct and are supported by clear and convincing evidence," that treatment with the proposed medication is in J.F.'s best interest, and J.F. lacks the capacity to make a decision regarding administration of the medication.  As a result, the trial court granted the application and rendered an order for administration of psychoactive medication to J.F.  This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

J.F.'s counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. In it, he states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  He further relates that he is well acquainted with the facts in this case.  In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), J.F.'s brief presents a chronological summation of the procedural history of the case and states that his counsel is unable to raise any arguable issues for appeal.[3]

Thereafter, J.F. filed a pro se brief in which he argued as follows:

---

[2] *See* TEX. PENAL CODE ANN. § 22.04(a) (West Supp. 2023).

[3] In compliance with *Kelly v. State*, J.F.'s counsel provided J.F. with a copy of the brief, notified J.F. of his motion to withdraw as counsel, informed J.F. of his right to file a pro se response, and took concrete measures to facilitate J.F.'s review of the appellate record.  *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

> My case number was 12-24-00046-CV[,] and my trial court case number was 43,679. I would like to file for an appeal or a re-trial. Prior to my court date[,] I was medicated on drugs I did not need and was not able to communicate and speak to my attorney and family. I do not need medication or hospitalization or a ward to live in until I perish. Can I please get some help. If I have to have everyone swear off as my counsel? [sic]. I am still at Rusk Hospital looking and feeling pretty grim. Can I get some help for my freedom, my quality of life[,] and my family?

We reviewed the record for reversible error and found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), J.F.'s counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Although we agree with J.F.'s counsel that the appeal wholly is frivolous, we nonetheless *deny* counsel's motion to withdraw. *Cf. In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (right to counsel in suits seeking termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review"); *see State for Best Interest & Prot. of M.R.*, No. 12-19-00228-CV, 2020 WL 500772, at *2 (Tex. App.–Tyler Jan. 31, 2020, no pet.) (mem. op.) (denying counsel's motion to withdraw following analysis under *Anders* in case involving administration of psychoactive medication). After disposition by the court of appeals, an appeal of an order to administer psychoactive medication under these circumstances is made to the Texas Supreme Court. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.070(e), 574.108(a) (West 2017). Accordingly, we conclude that counsel's obligation to J.F. has not yet been discharged. *See In re P.M.* 520 S.W.3d at 27. If J.F., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an Anders brief." *Id.*; *State for Best Interest & Prot. of M.R.*, 2020 WL 500772, at *2. We *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

Opinion delivered July 24, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 24, 2024**

**NO. 12-24-00046-CV**

**THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF J.F.**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. MI43,679)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*