# NO. 12-24-00258-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | § | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | § | *COUNTY COURT AT LAW* |
| *OF K.F.* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is an accelerated appeal of a trial court's judgment ordering the administration of psychoactive medication to K.F. K.F.'s court-appointed counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm.

## BACKGROUND

K.F. is a patient at Rusk State Hospital pursuant to an order for in-patient mental health services. On August 7, 2024, an application was filed for court-ordered administration of psychoactive medication to K.F., and on August 13, the trial court held an evidentiary hearing.

---

[1]The *Anders* procedure also is appropriate when court-appointed counsel concludes an appeal from an order to administer psychoactive medication is frivolous. *In re State ex rel. Best Interest & Prot. of J.W.*, No. 12-18-00077-CV, 2018 WL 4474309, at *1 n.1 (Tex. App.–Tyler Sept. 19, 2018, no pet.) (mem. op.); *cf. In re State ex rel. Best Interest & Prot. of L.E.H.*, 228 S.W.3d 219, 220 (Tex. App–San Antonio 2007, no pet.) (concluding that *Anders* procedure is appropriate when court-appointed counsel concludes an appeal from involuntary commitment order is frivolous); *cf. also In re T.R.G.*, No. 07–05–0179–CV, 2005 WL 2152915, at *1 (Tex. App.–Amarillo Sept.7, 2005, no pet.) (mem. op.); *In re E.M.*, No. 03-96-00703-CV, 1997 WL 217186, at *2 (Tex. App.–Austin May 1, 1997, no writ) (op., not designated for publication).

At the hearing, Dr. Robert Lee testified that K.F. was under a court order for inpatient mental health services pursuant to Chapter 46B of the Texas Code of Criminal Procedure, which arose from a criminal prosecution against K.F. for aggravated assault with a deadly weapon.[2] Lee testified that K.F. had a mental-illness diagnosis of Unspecified Schizophrenia Spectrum and Other Psychotic Disorder as well as a history of methamphetamine abuse. He further testified that Appellant refused to take medication based on his belief that some of the medications are "Satan's medicines." In the application, Lee stated that K.F. lacked the capacity to make rational decisions related to his medications. Lee also stated that his desire to prescribe these medications fell under the proper scope of treatment and that K.F. would be more likely to regain competency faster if he took the medications than if he did not take them. Lee testified that the medications should not interfere with K.F.'s ability to confer with his attorney in the underlying criminal matter.

K.F. testified on his own behalf. He stated that the medications were "basically . . . a chemical lobotomy" and "would mess with [his] competency and [ ] consciousness."

The trial court found that the order to administer psychoactive medications was supported by clear and convincing evidence. As a result, the trial court granted the application and rendered an order for administration of psychoactive medication to K.F. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

K.F.'s counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. In it, he states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief presents a chronological summation of the procedural history of the case and states that counsel is unable to raise any arguable issues for appeal.[3] We reviewed the record for reversible error and found none.

---

[2] *See* TEX. PENAL CODE ANN. § 22.02 (West Supp. 2024).

[3] K.F.'s counsel provided him with a copy of the brief, notified him of his motion to withdraw as counsel, informed him of his right to file a pro se response, and took concrete measures to facilitate his review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). K.F. was given time to file his own brief. The time for filing a pro se brief expired, and no pro se brief has been filed.

CONCLUSION

As required by **Stafford v. State**, 813 S.W.2d 503 (Tex. Crim. App. 1991), K.F.'s counsel moved for leave to withdraw. *See also* **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Although we agree with K.F.'s counsel that the appeal wholly is frivolous, we nonetheless **deny** counsel's motion to withdraw. *Cf.* **In re P.M.**, 520 S.W.3d 24, 27 (Tex. 2016) (right to counsel in suits seeking termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review"); *see* **State for Best Interest & Prot. of M.R.**, No. 12-19-00228-CV, 2020 WL 500772, at *2 (Tex. App.–Tyler Jan. 31, 2020, no pet.) (mem. op.) (denying counsel's motion to withdraw following analysis under **Anders** in case involving administration of psychoactive medication). After disposition by the court of appeals, an appeal of an order to administer psychoactive medication under these circumstances is made to the Texas Supreme Court. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.070(e), 574.108(a) (West 2017). Accordingly, we conclude that counsel's obligation to K.F. has not yet been discharged. *See* **In re P.M.**, 520 S.W.3d at 27. If K.F., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an Anders brief." *Id.*; **State for Best Interest & Prot. of M.R.**, 2020 WL 500772, at *2. We **affirm** the trial court's judgment. *See* TEX. R. APP. P. 43.2.

<u>**BRIAN HOYLE**</u>
Justice

Opinion delivered November 20, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 20, 2024**

**NO. 12-24-00258-CV**

**THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF K.F.**

Appeal from the County Court at Law
of Cherokee County, Texas (Tr.Ct.No. 43743)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*