**Opinion issued February 27, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00722-CV

_____

## STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF S.J.

---

### On Appeal from the Probate Court No. 3
### Harris County, Texas
### Trial Court Case No. MHCM-2024-000147

---

## MEMORANDUM OPINION

This is an appeal of the trial court's order that psychoactive medication be involuntarily administered to appellant, S.J. Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record

presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).[1] We affirm.

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has certified that she mailed a copy of the motion to withdraw and the *Anders* brief to appellant and informed appellant of her right to file a response and to access the record. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant did not file a pro se response.

---

[1] The *Anders* procedure is appropriate when court-appointed counsel concludes an appeal from an order to administer psychoactive medication is frivolous. *See State for Best Interest & Prot. of M.R.,* No. 12-19-00228-CV, 2020 WL 500772, at *1 n.1 (Tex. App.–Tyler Jan. 31, 2020, no pet.) (mem. op.); *In re State ex rel. Best Interest & Prot. of J.W.*, No. 12-18-00077-CV, 2018 WL 4474309, at *1 n.1 (Tex. App.– Tyler Sept. 19, 2018, no pet.) (mem. op.); *State ex rel. Best Int. & Prot. of R.R.*, No. 04-10-00337-CV, 2010 WL 3576509, at *1 (Tex. App.—San Antonio 2007 Sept. 15, 2010, no pet.) (mem. op); *cf. In re State ex rel. Best Interest & Prot. of L.E.H.*, 228 S.W.3d 219, 220 (Tex. App.—San Antonio 2007, no pet.) (concluding that *Anders* procedure is appropriate when court-appointed counsel concludes appeal from involuntary commitment order is frivolous); *cf. also In re T.R.G.*, No. 07–05–0179–CV, 2005 WL 2152915, at *1 (Tex. App.—Amarillo Sept.7, 2005, no pet.) (mem. op.); *In re E.M.*, No. 03-96-00703-CV, 1997 WL 217186, at *2 (Tex. App.— Austin May 1, 1997, no writ) (op., not designated for publication).

We have independently reviewed the entire record in this appeal and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155.

Despite our finding no reversible error, we deny counsel's request to withdraw. *See State for Best Interest & Prot. of M.R.*, No. 12-19-00228-CV, 2020 WL 500772, at *2 (Tex. App.—Tyler 2020, no pet.) (mem. op.) (denying counsel's motion to withdraw following analysis under *Anders* in case involving administration of psychoactive medication) (citing *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016)). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." 520 S.W.3d at 27. The Texas Supreme Court further stated that "counsel's belief that the client has no grounds to seek further review from the court of appeals' decision" is not "good

3

cause" sufficient to permit counsel's withdrawal. *Id*. We follow our sister court in applying *In re P.M.* to the involuntary administration of psychoactive medication.

After disposition by the court of appeals, an appeal of an order to administer psychoactive medication can be made to the Texas Supreme Court. *See* TEX. HEALTH & SAFETY CODE §§ 574.070(e), 574.108(a). Applying *In re P.M.* to the circumstances of this case, we conclude that counsel's obligation to S.J. has not yet been discharged. *See In re P.M.*, 520 S.W.3d at 27-28; *see also State for Best Interest & Prot. of M.R.*, 2020 WL 500772, at \*2. If S.J., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 27-28; *cf. A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00543-CV, 2016 WL 5874880, at \*1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.).

We affirm the trial court's judgment. *See* TEX. R. APP. P. 43.2.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.